UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GLORIA RAMOS,** | Civil Action No. |
| Plaintiff, | |
| v., | |
| **LVNV FUNDING, LLC, &** **FALONI & ASSOCIATES, LLC,** a/k/a **FALONI LAW GROUP, LLC**, | **PLAINTIFF REQUESTS A JURY TRIAL** |
| Defendants. | |

## Complaint

Gloria Ramos files this complaint under the Fair Debt Collections Practices Act, ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA"), 73 P.S. § 2270.3 *et seq.,* against debt collectors who demanded payment from her of a debt she did not owe, and avers:

1. Gloria Ramos is a citizen of the Commonwealth of Pennsylvania residing at 1033 W. Russell Street, Phila., PA 19140.

2. Law Offices of Faloni & Associates, LLC, a/k/a Faloni Law Group, LLP ("Faloni") is a law firm with a principal place of business at 165 Passaic Ave., Suite 301B, Fairfield NJ 07004.

3. Faloni is a debt collector within the definition of FDCPA and FCEUA. Exhibit P-1. Faloni uses instrumentalities of interstate commerce or the mails in its business the principal purpose of which is the collection of debts. Faloni

1

also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

4. LVNV Funding, LLC ("LVNV"), is a business entity with a principal address at 625 Pilot Road, Suite 3, Las Vegas NV 89119.

5. LVNV is a debt buyer; LVNV purports to purchase defaulted debts for the purpose of collecting them, and files tens of thousands of collection lawsuits annually. Exhibit P-2.

6. LVNV is a debt collector within the definition of the FDCPA and the FCEUA. LVNV uses instrumentalities of interstate commerce or the mails in its business the principal purpose of which is the collection of debts. For purposes of the FCEUA, LVNV would also qualify as a creditor.

7. Federal jurisdiction over this complaint arises under 15 U.S.C. § 1692k(d) ("FDCPA"). Venue is appropriate in the Eastern District of Pennsylvania where the plaintiff resides and the acts alleged in the complaint occurred.

## Factual Allegations

8. Ms. Ramos never borrowed money from or did business with LVNV.

9. LVNV nevertheless claimed that Ms. Ramos owed it money based on a debt that LVNV claimed to have acquired by a chain of assignments.

10. LVNV claimed to be the assignee of a consumer credit card account from Credit One Bank, N.A., allegedly owed by Ms. Ramos.

11. The representation was false. LVNV was never an assignee of the alleged account.

12. Nevertheless, LVNV and Faloni sought to collect the debt and dunned, called, and sued Ms. Ramos for that purpose.

13. On or about December 22, 2017, LVNV filed a complaint against Ms. Ramos for the debt in Philadelphia Municipal Court captioned, *LVNV Funding LLC v. Gloria Ramos*, No. SC-17-12-22-5711. Exhibit P-3.

14. Faloni filed the complaint and represented LVNV throughout the proceeding.

15. Ms. Ramos denied owing the debt and hired counsel to defend the lawsuit.

16. On April 27, 2018, following a trial, the court entered a judgment for Ms. Ramos, confirming that she was not indebted in LVNV. Exhibit P-4.

17. LVNV and Faloni caused Ms. Ramos to suffer damages, including the emotional distress of being dunned, threatened for payment, sued, and the expense of hiring counsel.

18. Ms. Ramos was frightened a judgment would be entered against her and that LVNV would garnish her bank account or seize her personal possessions.

## Count I

19. This count is against LVNV for violation of the FDCPA and FCEUA. All of the preceding paragraphs are incorporated by reference.

20. LVNV used unfair and unconscionable means to attempt debt collection against Ms. Ramos in violation of the FCEUA and 15 U.S.C. § 1692f, including:

    (a). Demanding payment from Ms. Ramos of a debt she did not owe;

    (b). Demanding payment of an amount not allowed by law.

21. LVNV used false, deceptive, and misleading representations or means in connection with its attempt to collect a debt from Ms. Ramos in violation of the FCEUA and 15 U.S.C. § 1692e, including:

    (a). Misrepresenting to Ms. Ramos that she was indebted to LVNV when she was not; defendant made these misrepresentations before and after filing suit; and

    (b). Falsely claiming to be an assignee of a debt.

## Count II

22. This count is against Faloni for violation of the FDCPA. All of the preceding paragraphs are incorporated by reference.

23. Faloni used unfair and unconscionable means to attempt debt collection against Ms. Ramos in violation of 15 U.S.C. § 1692f, including:

    (a). Demanding payment from Ms. Ramos of a debt she did not owe;

    (b). Demanding payment of an amount not allowed by law.

 24. Faloni used false, deceptive, and misleading representations or means of debt collection against Ms. Ramos in violation of 15 U.S.C. § 1692e, including:

    (a). Misrepresenting to Ms. Ramos that she was indebted to LVNV when she was not; defendant made these representation before and after filing suit.

    (b). Falsely claiming that LVNV was an assignee of the debt.

 25. As a direct and proximate result of these actions, Ms. Ramos suffered damages including but not limited to the emotional distress of being dunned for collection, sued, threatened with garnishment suit, and the expense of having to defend against it. The stress caused Ms. Ramos to lose sleep, have digestive problems, and interfered with her ability to concentrate and enjoy life.

 WHEREFORE, Ms. Ramos requests relief as follows:

(a). Award her actual and statutory damages;

(b). Attorney's fees and costs, and

(c). Any other relief that is just and appropriate.

Respectfully submitted,

_____
Robert F. Salvin (RFS2522)
Two Bala Plaza, Suite 300
Bala Cynwyd, PA  19004
215-300-2388
215-271-2820 (fax)
robert.salvin@outlook.com