# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GLORIA RAMOS,**<br>　　　　**Plaintiffs,**<br><br>　　　　v.<br><br>**LVNV FUNDING, LLC AND FALONI &**<br>**ASSOCIATES, LLC,**<br>　　　　**Defendants.** | **CIVIL ACTION**<br><br><br><br>**NO. 18-5496** |

## MEMORANDUM OPINION

This case concerns an unsuccessful debt-collection suit in state court. Ramos—the defendant in the state proceedings—brings this action against LVNV Funding, LLC ("LVNV") and Faloni & Associates, LLC ("Faloni")—plaintiff and plaintiff's counsel in the state suit, and collectively Defendants here—alleging Defendants' conduct violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et. seq.* ("FDCPA"), and the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. §§ 2270.2, *et. seq.* ("FCEUA"). Pending now are Defendants' motions to dismiss the Complaint for failure to state a claim. For the foregoing reasons, Defendants' motions will be denied.

**I.     Factual Background**

LVNV is a Nevada-based corporation that purchases portfolios of consumer debt and then seeks to recover on that debt. LVNV files tens of thousands of debt collection lawsuits every year.

Sometime in 2017, LVNV represented to Ramos that it had been assigned a debt for a consumer credit card belonging to her, amounting to $1,904.94. Ramos denied owing the debt, and LVNV then retained Faloni—a law firm that specializes in debt collection litigation—to collect on it. On December 22, 2017, LVNV filed a complaint in Philadelphia Municipal Court

(hereinafter the "Collection Suit"), claiming that it was "the Assignee and Successor in Interest" of a defaulted account belonging to Ramos. Ramos retained counsel, and, following a trial, the Municipal Court entered a judgment in her favor. Ramos then filed this suit.

**II. Legal Standard**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When analyzing a motion to dismiss, the Court must "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "[U]nder Rule 12(b)(6), the defendant has the burden of showing no claim has been stated." *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991).

**III. Discussion**

Defendants argue that the Complaint should be dismissed on the grounds that: (1) claim preclusion bars this suit; (2) the Complaint fails to make out a prima facie FDCPA claim; and, (3) because Ramos' FDCPA claim fails, her FCEUA claim must also fail. None of the arguments are persuasive, and Defendants' motions to dismiss, accordingly, will be denied.

**A. Claim Preclusion**

Defendants argue that because Ramos failed to assert her FDCPA and FCEUA claims as counterclaims in the Collection Suit, Federal Rule of Civil Procedure 13(a) bars her from bringing those claims here. "A federal court applying preclusion principles is bound by the Full Faith and Credit statute, 28 U.S.C. § 1738, and must give a prior state judgment the same effect as would the adjudicating state." *Gregory v. Chehi*, 843 F.2d 111, 116 (3d Cir. 1988) (citing

*Davis v. U.S. Steel Supply*, 688 F.2d 166, 170 (3d Cir. 1982) (en banc)). "Accordingly, where a state court decision is alleged to have a preclusive effect on a later action in federal court, the federal court must apply the preclusion principles developed by that state." *Jones v. LVNV Funding, LLC*, 2016 WL 3940310, at *1 (E.D. Pa. July 20, 2016) (internal quotations omitted). Thus, contrary to Defendants' argument, Rule 13(a) does not control whether the Collection Suit precludes Ramos' claim;[1] instead, the Court must look to Pennsylvania law on claim preclusion.

Pennsylvania law provides that "a final valid judgment upon the merits by a court of competent jurisdiction bars any future suit between the parties or their privies, on the same cause of action." *Allegheny Int'l v. Allegheny Ludlum Steel Corp.*, 40 F.3d 1416, 1429 (3d Cir. 1994) (quoting *Keystone Bldg. Corp. v. Lincoln Sav. & Loan Ass'n*, 360 A.2d 191, 194 (Pa. 1976)). Under Pennsylvania law, however, unlike the Federal Rules, "there is no compulsory counterclaim rule." *Hunsicker v. Brearman*, 586 A.2d 1387, 1390 (Pa. Super. 1991); Pa. R. Civ. P. 1148. Accordingly, in Pennsylvania, "[w]here the defendant does not interpose a counterclaim although he is entitled to do so, he is not precluded thereby from subsequently maintaining an action against the plaintiff on the cause of action which could have been set up as a counterclaim." *Hunsicker*, 586 A.2d at 1390 (quoting Restatement (First) of Judgments § 58); *Council Rock Sch. Dist. v. Bolich*, 462 F. App'x 212, 214 (3d Cir. 2012) (same); *Jones*, 2016 WL 3940310, at *2 (same). Because Pennsylvania law did not require Ramos to bring her FDCPA and FCEUA claims as counterclaims in the Collection Lawsuit, the earlier suit does not bar her from asserting those claims here.

---

[1] Even if Rule 13(a) did govern, Defendants would not prevail. Under Rule 13(a), a counterclaim is compulsory only where it "aris[es] out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a). As several courts in this District have held, claims concerning the debt collection process do not arise from the same transaction or occurrence as the underlying debt. *See Jones*, 2016 WL 3940310, at *3 (holding plaintiff's FDCPA claims were not compulsory counterclaims under Rule 13(a)); *Kimmel v. Cavalry Portfolio Servs., LLC*, 747 F. Supp.2d 427, 431 (E.D. Pa. 2010) (same); *Orloff v. Syndicated Office Sys.*, 2003 WL 22100868, at *7-9 (E.D. Pa. Aug. 20, 2003) (same). Thus, even if Rule 13(a) governed the preclusive effect of the Collection Suit, Ramos would not be barred from bringing her claims.

### B. Prima Facie Claim

Defendants next argue that the Complaint does not contain sufficient factual allegations to make out a FDCPA claim. "Congress enacted the FDCPA in 1977 'to eliminate abusive debt collection practices by debt collectors.'" *Barbato v. Greystone All., LLC*, 916 F.3d 260, 264 (3d Cir. 2019) (quoting 15 U.S.C. § 1692(e)). "To prevail on an FDCPA claim, a plaintiff must prove that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the [FDCPA] defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Id.* at 265 (quoting *St. Pierre v. Retrieval-Masters Creditors Bureau, Inc.*, 898 F.3d 351, 358 (3d Cir. 2018)). Here, Defendants challenge the second and fourth elements of Ramos' prima facie claim.

#### 1. Defendants Are Debt Collectors

Both Faloni and LVNV contend they are not "debtor collector[s]" for the purposes of the FDCPA. Both are mistaken. The FDCPA "defines 'debt collector' as any person (1) 'who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts,' (the 'principal purpose' definition) or (2) 'who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another' (the 'regularly collects' definition)."[2] *Id.* (quoting 15 U.S.C. § 1692a(6)).

As to Faloni, it is well established that "attorneys that 'regularly, through litigation, tr[y] to collect consumer debts' are considered debt collectors under [the FDCPA]." *Glover v. F.D.I.C.*, 698 F.3d 139, 152 n.8 (3d Cir. 2012) (quoting *Henitz v. Jenkins*, 514 U.S. 291, 292 (1995)). Here, Plaintiff adequately alleges that, as a law firm specialized in collection litigation,

---

[2] The FDCPA also includes two other definitions of "debt collector" that are not relevant here. *See Barbato*, 916 F.3d at 265 n.3 (citing 15 U.S.C. § 1692a(6)).

4

Faloni "regularly, through litigation, tries to collect consumer debts," *Hentiz*, 514 U.S. at 292, and thus qualifies as a "debt collector" under the FDCPA.

As for LVNV, in *Barbato*, the Third Circuit held that "[a]n entity qualifies under [as a debt collector] if the principal purpose of its business is the collection of any debts," even if the entity "outsources its collection activities" to others. 916 F.3d at 267 (internal quotation marks omitted). That is precisely what the Complaint alleges LVNV does: LVNV purchases portfolios of consumer debt and seeks to recover on that debt by hiring third-parties, like Faloni, to collect on that debt. Thus, the Complaint adequately alleges that LVNV is a "debt collector" under the FDCPA.

### 2. Defendants Violated a Provision of the FDCPA

Defendants also argue that their conduct did not violate the FDCPA. The statute "imposes strict liability on debt collectors who 'use any false, deceptive, or misleading representation or means in connection with the collection of any debt.'" *Kaymark v. Bank of Am., N.A.*, 783 F.3d 168, 174 (3d Cir. 2015), *abrogated on other grounds by Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029 (2019); *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 368 (3d Cir. 2011) ("The FDCPA is a strict liability statute to the extent it imposes liability without proof of an intentional violation."). Making a "false representation of the character, amount or legal status of any debt" constitutes "a violation of this section." 15 U.S.C. § 1692(e)(2)(A). Whether a communication is false, deceptive, or misleading is measured "from the perspective of the least sophisticated debtor." *McLaughlin v. Phelan Hallinan & Schmieg, LLP*, 756 F.3d 240, 246 (3d Cir. 2014) (quoting *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008)); *see also Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006) (explaining that the "least sophisticated debtor" standard "is lower than the standard of a reasonable debtor,"

in that a communication "that would not deceive or mislead a reasonable debtor might still deceive or mislead the least sophisticated debtor") (internal quotation marks and citations omitted).

Here, the Complaint alleges that Defendants violated Section 1692(e)(2)(A) of the FDCPA by misrepresenting LVNV's status as an assignee on the debt it sought to collect from Ramos in the Collection Suit. Specifically, in the Collection Suit complaint, LVNV claimed that it was "the Assignee and Successor in Interest" of an account belonging to Ramos, when – according to an allegation in the Complaint – in actuality, it was not. The Complaint therefore sufficiently alleges that the Defendants falsely represented the legal status of the debt and accordingly "violated a provision of the FDCPA in attempting to collect th[at] debt," *Barbato*, 916 F.3d at 265 (quoting *St. Pierre*, 898 F.3d at 358). *See also Hoffman v. Wells Fargo Bank, N.A.*, 2014 WL 6822359, at *2–3 (E.D. Pa. Dec. 4, 2014) (holding that FDCPA claim may proceed based on allegation that debt collector misrepresented status as assignee in state collection suit).

Defendants raise several arguments to the contrary, none of which are availing. First, Defendants contend that they cannot be held liable simply because Ramos obtained a favorable judgment in the Collection Suit. That argument, however, misunderstands the nature of the Complaint. Ramos does not allege that Defendants' violation of the FDCPA is premised on its loss in the Collection Suit; rather, she alleges that Defendants violated the FDCPA by misrepresenting LVNV's status as an assignee in the Collection Suit complaint. That Plaintiff prevailed in the Collection Suit merely makes that allegation more plausible. Plaintiff must ultimately establish, through admissible evidence, that LVNV was not an assignee on the account to prevail on her claim here, but the allegations in the Complaint—treated as true for the

6

purposes of this motion—are sufficient to defeat Defendants' motions to dismiss.

Second, Defendants argue that the Complaint seeks to hold them liable for failing to investigate the validity of the debt prior to engaging in collection efforts, a duty not imposed by the FDCPA. Again, however, the argument misunderstands the nature of Ramos' claim. The Complaint does not claim Defendants had a duty to investigate, and neither does it seek to hold Defendants liable for violating that duty. Instead, the Complaint alleges that Defendants violated the FDCPA by falsely representing the legal status of the debt, which is a viable ground for relief. *Yentin*, 2011 WL 4104675, at *17 ("[A] plaintiff may state a claim under § 1692e(2)(A) merely by alleging that a defendant debt collector misstated a material fact regarding the character, amount, or legal status of any debt in connection with the collection of that debt without averring any intent or awareness on the part of the defendant.").[3]

Finally, Defendants seem to suggest that allowing Ramos' suit to proceed would, in effect, subject debt collectors to liability under the FDCPA merely for filing what proved to be unsuccessful collection suits. Courts in this District have rejected similar arguments before. *Yentin*, 2011 WL 4104675, at *11-17. As noted, to prevail on her claim, Ramos must establish the falsity of Defendants representation through competent evidence—if, for example, the assignment was valid, then Defendants are not liable. In addition, Defendants may take advantage of Section 1692k(c) of the FDCPA, which affords debt collectors an affirmative defense for "unintentional" violations of the statute that "resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c); *Beck v. Maximus, Inc.,* 457 F.3d 291, 297–98 (3d Cir. 2006). Thus, Defendants – and debt collectors more generally – are not automatically liable under the FDCPA

---

[3] To the degree that Defendants take issue with the strict liability scheme imposed by the FDCPA, that argument is foreclosed by the Third Circuit's decision in *Allen*, which held that "the FDCPA is a strict liability statute" that "impose[s] liability without proof of an intentional violation." 629 F.3d at 368; *Kaymark*, 783 F.3d at 174 (same).

merely for filing what proved to be unsuccessful collection suits. They have defenses available to them.

In sum, then, Plaintiff has adequately made out a viable FDCPA claim, and Defendants' motions to dismiss that claim will be denied.

**C. FECUA Claim**

Defendants' only argument as to Ramos' FECUA claim is that "because Plaintiff fail[ed] to state a claim under the FDCPA, she likewise fail[ed] to state a claim under the FECUA." As discussed above, however, the Complaint made out a viable FDCPA claim. Because Defendants advance no other arguments as to the invalidity of the FECUA claim, their motions to dismiss will be denied. *Kehr*, 926 F.2d at 1409.

An appropriate order follows.

**May 3, 2019**         **BY THE COURT:**


/s/ Wendy Beetlestone
─────────────────────────
**WENDY BEETLESTONE, J.**